

March 29, 2018

Hon. Daniel J. Stewart
United States Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Room 409
Albany, New York 12207



**Re: 1:18-MJ-164 (DJS)**

Dear Judge Stewart:

I am writing this letter to respectfully request the unsealing of court records on file with the clerk's office for the U.S. District Court of the Northern District of New York.

On March 27, 2018, law enforcement officials from multiple agencies, including the FBI and New York State Police, executed a search warrant at the residence of Nancy Salzman, 3 Oregon Trail, Halfmoon, New York. The aforementioned search unfolded over several hours and multiple news outlets filmed and photographed the law enforcement activity at Ms. Salzman's residence that day.

Under common practice in this district, the search warrant, supporting affidavit, and any accompanying court orders were filed under seal (1:18-mj-164 (DJS)). The sealing order, which was publicly filed,

included the government's assertions that sealing was necessary because the disclosure of the documents may:

- Jeopardize an ongoing federal criminal investigation by revealing the existence of that investigation to potential targets and subjects of the investigation;
- Jeopardize the safety of a person who has provided information and/or other assistance to the criminal investigation or the family and/or friends of such person by revealing such person's cooperation with the investigation to those under investigation or their associates;
- Jeopardize the safety of law enforcement personnel;
- Reveal non-public information about one or more targets or subjects of the investigation who have not been charged with a crime in the relevant investigation and such information could lead to adverse financial and/or social consequences for such person(s).

I respectfully submit that the aforementioned reasons for sealing these court records may no longer apply. The subject of the search, Nancy Salzman, was made aware that law enforcement had searched her residence for more than eight hours and seized numerous items.

The safety of law enforcement personnel is no longer in play as the raid of Ms. Salzman's residence was completed on the evening of March 27.

The revelation of any "non-public information about one or more targets or subjects of the investigation" is now moot because the search of Ms. Salzman's residence was conducted in plain sight of the public and reported by multiple news outlets.

The search also took place approximately two days after a longtime business associate of Ms. Salzman's, Keith Raniere, who is a target of the same investigation, was arrested on a criminal complaint filed in the Eastern District of New York (18-m-132). Those court filings also reveal the breadth of the government's investigation of Mr. Raniere and NXIVM, a corporation that was co-founded by Mr. Raniere and Ms. Salzman, who is listed as NXIVM's president.

Lastly, if the search warrant documents include the identity of any "person who has provided information and/or other assistance to the criminal investigation," certainly that concern could be overcome by redacting the identifying information of any such person prior to unsealing the court records.

As you may know, it is well settled in the Second Circuit and other federal districts that the public has a First Amendment and a common law right to inspect judicial records. It has also been established that a district court's discretion to seal the record of judicial proceedings is to be exercised charily, and that it is inappropriate to indefinitely seal search warrant documents.

In a decision dated Dec. 11, 2006, the Hon. U.S. Magistrate Judge David R. Homer issued an order unsealing search warrants in response to a similar request, and he noted:
*"The Second Circuit has explained that '[t]he common law right of public access to judicial documents is firmly rooted in our nation's history" and that there exists a presumption of access to such documents. Lugosch v. Pyramid Co., 435 F.3d 110, 119 (2d Cir. 2006).*
*The presumption of access is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice. . . . [P]rofessional and public monitoring is an essential feature of democratic control. Monitoring both provides judges with critical views of their work and deters arbitrary judicial behavior. Without monitoring, moreover, the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings. Such monitoring is not possible without access to testimony and documents that are used in the performance of [judicial] functions. United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) (Amodeo II).*

I respectfully submit that the government's interest in protecting the integrity of its ongoing investigation has been made moot by the international publicity surrounding this investigation, including the public search of Ms. Salzman's residence and the arrest of Mr. Raniere.

Also, as noted, the reasons articulated by the government in their request to have the search warrant documents sealed no longer apply for the aforementioned reasons.

Thank you in advance for taking time to consider this request. I am also providing a copy of this letter to the U.S. Attorney's office in Albany.

Respectfully,

Brendan J. Lyons
Editor State Bureau/Investigations
Times Union
News Plaza Box 15000
Albany, New York 12212
518-454-5547
Blyons@timesunion.com

cc: Michael Barnett, Assistant United States Attorney and Public Information Officer, New York Northern District.