

**United States Department of Justice**

*United States Attorney*
*Northern District of New York*

| | |
|---|---|
| 445 Broadway, Room 218 | Tel.: (518) 431-0247 |
| James T. Foley U.S. Courthouse | Fax: (518) 431-0249 |
| Albany, New York 12207-2924 | |

April 9, 2018

**Via email and hand delivery (with enclosures filed under seal)**

Hon. Daniel J. Stewart
U.S. Magistrate Judge
James T. Foley U.S. Courthouse
445 Broadway, Fourth Floor
Albany, New York 12207

Re:   Newspaper's request to unseal in 18-MJ-164 (DJS)

Dear Judge Stewart:

We write in response to a March 29, 2018 request made by *Times Union* editor Brendan J. Lyons to unseal "court records on file" under Case No. 18-MJ-164 (DJS).

The documents on file are two (2) warrants, each authorizing a search of a residential property; two (2) corresponding applications and affidavits; and two (2) corresponding search warrant returns detailing the items seized. The warrants were issued in relation to an investigation conducted by the United States Attorney's Office for the Eastern District of New York and the New York Field Office of the Federal Bureau of Investigation. These documents were sealed because the Court found, on March 26, 2018, that their disclosure would:

- Jeopardize an ongoing federal criminal investigation by revealing the existence of that investigation to potential targets and subjects of the investigation;
- Jeopardize the safety of a person who has provided information and/or other assistance to the criminal investigation or the family and/or friends of such person by revealing such person's cooperation with the investigation to those under investigation or their associates;
- Jeopardize the safety of law enforcement personnel; and
- Reveal non-public information about one or more targets or subjects of the investigation who have not been charged with a crime in the relevant investigation and such information could lead to adverse financial and/or social consequences for such person(s).

Letter to Hon. Daniel J. Stewart
18-MJ-164 (DJS)
April 9, 2018
Page 2

Attached to this letter, but filed under seal, are the search warrant materials filed under Case No. 18-MJ-164 (DJS), containing proposed redactions marked by red boxes.

The Government consents to unsealing the search warrants, and corresponding applications and returns, with the exception of certain crimes listed in the search warrants and applications. The crimes have been disclosed, via the warrants, to the current occupants of the searched premises (if any), who would have received copies of the warrants on the date of the searches. The crimes should nonetheless remain sealed because they have not been more broadly disclosed, and no one has been charged with these crimes (which are still being investigated).

With respect to the affidavits, the Government respectfully requests that the Court unseal only those portions of each affidavit that contain information that has already been publicly disclosed, including in the publicly available criminal complaint filed against Keith Raniere ("Raniere").

These redactions are necessary to avoid (1) jeopardizing and undermining an ongoing federal criminal investigation, (2) jeopardizing the safety of people who have cooperated with the investigation, and (3) revealing non-public information about people who have yet to be charged with crimes.

Judicial proceedings are presumptively open to the public under the First Amendment, and there is a common-law right of presumptive access to judicial records and documents, including search warrant materials. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). The right has limitations, however, particularly when there is an ongoing criminal investigation and no one has been indicted.

The Second Circuit has approved keeping documents or information under seal in furtherance of the following interests:

- The need to protect the integrity of an ongoing investigation, including the safety of witnesses, and to prevent interference, flight and other obstruction. *See, e.g., United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 147 (2d Cir. 1995).

- The privacy and safety interests of defendants, targets, subjects, victims, and other persons. *See, e.g., United States v. Haller*, 837 F.2d 84 (2d Cir. 1988).

Here, continued sealing of portions of the warrant materials is essential, because these portions: (1) provide sufficient information to allow someone to identify witnesses; (2) identify potential targets and subjects of a grand jury investigation who have yet to be charged; and (3) reveal more about the nature and scope of the government's investigation beyond the publicly filed charges against Raniere and other publicly available information.

If this information were unsealed, it could risk the safety of witnesses, violate the privacy interests of witnesses and subjects who are not yet (and may not be) charged, and jeopardize the

Government's ongoing investigation. Courts have repeatedly recognized these risks as justifying continued sealing. *See, e.g., In re Sealed Search Warrants Issued June 4 & 5, 2008*, 2008 U.S. Dist. LEXIS 107711, *8-13 (N.D.N.Y. July 14, 2008) (unpub.); *United States v. Pirk*, 2017 U.S. Dist. LEXIS 172595, *33-35 (W.D.N.Y. Oct. 18, 2017) (unpub.); *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 584 (S.D.N.Y. 2009). The concerns about witness safety are particularly heightened in this investigation, where, as set forth in the complaint against Raniere, there are allegations of sexual and other physical abuse, coercion and extortion.

The continued sealing would be narrowly tailored, because the public would have access to search warrant returns, warrants and applications with few redactions, and also access to only partially redacted affidavits. Mr. Lyons or another member of the public could also seek further disclosure at a later date.

For the foregoing reasons, the Government respectfully asks that the Court continue to keep under seal those portions of the warrant materials that the Government has marked for proposed redaction. The Government respectfully asks that the Court grant its request for limited redactions (as proposed in the sealed enclosure) and permit the Government to publicly file redacted copies of the warrant materials.

Thank you for your attention to this matter.

Respectfully submitted,

GRANT C. JAQUITH
United States Attorney

Michael Barnett
Assistant United States Attorney
Public Information Officer
Bar Roll No. 519140

Copy to:

Brendan J. Lyons (via email w/o sealed enclosures)